IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00428-BNB
(Removal from Delta County, Colorado, District Court, Case No. 2010CV27)

JOHN MOORE,

    Plaintiff,

v.

DR. SAM JAHANI, and
SAM JAHANI PERSONAL INSURANCE COMPANY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 16 2010

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the *ex parte* letter to Magistrate Judge Boyd N. Boland filed *pro se* by Plaintiff, John Moore, on March 15, 2010, asking the Court to "take this case back." *See* March 15 letter at 1. The Court must construe Mr. Moore's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will construe the *ex parte* letter as a motion to reconsider, and will deny the motion.

In an order filed on March 12, 2010, the Court summarily remanded a state court civil case that Mr. Moore attempted to remove to this Court. Mr. Moore asks the Court to reconsider its March 12 Order for Summary Remand. The motion to reconsider will be denied for the reasons stated below.

An order remanding a removed case to state court ordinarily is not reviewable on appeal or otherwise, unless the state case was removed pursuant to 28 U.S.C. § 1443. *See* 28 U.S.C. § 1447(d). Mr. Moore failed, both in the notice of removal and the motion to reconsider, to state grounds that justify the removal of his state court case to this Court. In addition, as the Court noted in the March 12 summary remand order, only defendants may remove an action from state court. *See* 28 U.S.C. § 1446(a). Therefore, § 1447(d) does not allow the Court to review its prior decision.

Reconsideration may be justified when there is an intervening change in the controlling law, the availability of new evidence, or a need to correct clear error or prevent manifest injustice. **Shields v. Shetler**, 120 F.R.D. 123, 125-26 (D. Colo. 1988). Upon consideration of the entire file, the Court finds and concludes that Mr. Moore fails to present any new law or new evidence to support the motion to reconsider. He also fails to present any argument or authority which convinces the Court that the prior remand order is incorrect or will result in manifest injustice. Accordingly, it is

ORDERED that the *ex parte* letter filed *pro se* by Plaintiff, John Moore, on March 15, 2010, which the Court has treated as a motion to reconsider, is denied. It is

FURTHER ORDERED that Mr. Moore is reminded Rule 77.2 of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil concerning *ex parte* communications forbids him from sending "letters, pleadings, or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys." It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __16th__ day of __March__, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.10-cv-00428-BNB

John Moore
140 SE Frontier Ct.
Cedaredge, CO 81413

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/16/10

             GREGORY C. LANGHAM, CLERK

             By: _____
                Deputy Clerk